IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INVICTUS RESIDENTIAL POOLER TRUST 1A,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CYNTHIA J. ZIEMBA, et al.,<br><br>　　　　　　Defendants. | 4:19-CV-3036<br><br>MEMORANDUM AND ORDER |

This case is before the Court on several pending matters relating to the defendants' alleged defaults. As explained below, the Court will—with some reluctance—enter default against the named defendants.

BACKGROUND

The plaintiff, Invictus Residential Pooler Trust 1A, initiated this action on April 19, 2019, filing its complaint for foreclosure of real property against defendants Cynthia Ziemba (the owner and resident of the property), Delroy Fischer (resident of the property), and two unknown tenants. Filing 1. Summons was requested on April 19 and issued on April 22 (the next business day). Filing 2; filing 3; filing 4; filing 5; filing 8. Ziemba sent a document to the Court with the heading, "Answer," that was filed on July 1, but that filing simply asks the recipient for an extension to pay off the loan. Filing 9. It's not entirely clear whether that request was directed to the Court or Invictus.

But Invictus had not, at that point, filed any returns of service with the Court. So on August 12, 2019—nearly 4 months after summons was issued— the Magistrate Judge entered an order to show cause directing Invictus to show cause why its claims against Fischer and the unknown tenants should not be

dismissed for failure to serve process or for want of prosecution. Filing 10. That order set a show cause deadline of September 3, 2019. Filing 10.

Invictus didn't file returns of service, ask for additional time, or otherwise respond to the Magistrate Judge's order. So, on September 16, the Magistrate Judge filed her findings and recommendation that Invictus' claims against Fischer and the unknown tenants be dismissed for failure of service or want of prosecution. Filing 11. Invictus had 14 days to object to the findings and recommendation. *See* NECivR 72.2(a).

On September 30—the very last day to object—Invictus filed an objection to the findings and recommendation. Filing 16. The objection was supported by filed returns of service on Ziemba (filing 12) and Fischer (filing 12-1). Those returns, remarkably, indicated that service had been effected on May 30 and June 5, respectively. Filing 12; filing 12-1. Even more remarkably, Invictus' "objection" simply points out the returns of service, with no effort to explain or excuse why Invictus didn't respond to the Magistrate Judge's order. *See* filing 16. In other words, the Magistrate Judge ordered Invictus to show cause why its claims shouldn't be dismissed, and Invictus—with returns of service already in hand—apparently chose to simply ignore the Magistrate Judge's order.

At the same time, Invictus voluntarily dismissed its claims against the unknown tenants, whom (if they exist) it had been unable to serve. Filing 15. And Invictus moved for the Clerk of the Court to enter Ziemba's and Fischer's defaults, pursuant to Fed. R. Civ. P. 55(a). Filing 13; filing 14. Because Ziemba had sent correspondence that had been filed as an "answer," and because the Magistrate Judge's findings and recommendation that Invictus' claim against Fischer be dismissed was still pending, the Clerk of the Court withheld entry of default at the express instruction of chambers. Now, the Court must sort out the mess that has been created.

DISCUSSION

The Court will, nonetheless, grant Invictus' motions for default—which, in turn, will moot the findings and recommendation and subsequent objection. Invictus' unexplained disregard for the Magistrate Judge, and preceding delay in prosecuting this action, have placed an unnecessary burden on the Court. But that's the fault of counsel, not the client whose claim is actually at issue. And on the merits of the *client's* claim, default is warranted.

Fischer's default is obvious. Ziemba's is less so, because she has filed a document captioned, "Answer." [Filing 9](). The Court must consider whether the allegedly defaulting party has filed a responsive answer or other pleading. *[Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.](),* 88 F. Supp. 3d 1034, 1039 (D. Minn. 2015). But Ziemba's filing is not an "answer" within the meaning of [Fed. R. Civ. P. 7(a)(2)](). *See [Update Art, Inc. v. Charnin](),* 110 F.R.D. 26, 43 (S.D.N.Y. 1986); *[White v. Smith](),* 91 F.R.D. 607, 608 (W.D.N.Y. 1981); *see also [Astoria Energy II, LLC v. HH Valves Ltd.](),* No. 17-CV-5724, 2018 WL 3912282, at *2 (E.D.N.Y. July 13, 2018), *report and recommendation adopted,* 2018 WL 3897925 (E.D.N.Y. Aug. 15, 2018); *[Metro. Life Ins. Co. v. Scott](),* No. 1:14-CV-3891, 2015 WL 13545166, at *4 (N.D. Ga. Sept. 4, 2015); *cf. [Royal Petroleum Corp. v. Smith](),* 127 F.2d 841, 843 (2d Cir. 1942); *[Halnat Pub. Co. v. L.A.P.A., Inc.](),* 669 F. Supp. 933, 935 (D. Minn. 1987).

In particular, Ziemba's letter does not assert a defense, deny the plaintiff's claims, or deny liability. *See [Halnat Pub. Co.](),* 669 F. Supp. at 935; *see also [Mesirow v. Duggan](),* 240 F.2d 751, 756 (8th Cir.), *reh'g denied and opinion modified sub nom. [Green v. Duggan](),* 243 F.2d 109 (8th Cir. 1957); *cf. [Stephenson v. El-Batrawi](),* 524 F.3d 907, 914 (8th Cir. 2008). Accordingly,

Ziemba has failed to "plead or otherwise defend" within the meaning of Rule 55(a), and entry of default is appropriate.[1]

## CONCLUSION

As explained above, the Court will grant Invictus' motions for entry of default. But that is only the first step toward foreclosure.

If Invictus wants a default judgment of foreclosure, it will have to file a motion for default judgment, and give Ziemba and Fischer notice of that motion. If Ziemba or Fischer have a defense, they may file something with the Court opposing the motion for default judgment within 14 days of receiving the motion. Or, they may appear in this case at any time and ask to have their defaults set aside. But for now, they are in default.

IT IS ORDERED:

1. Invictus' motion for clerk's entry of default against Fischer ([filing 13](filing 13)) is granted.

2. The Clerk of the Court is directed to enter Fischer's default.

3. Invictus' motion for clerk's entry of default against Ziemba ([filing 14](filing 14)) is granted.

4. The Clerk of the Court is directed to enter Ziemba's default.

---

[1] The Court notes, however, that Ziemba's letter suggests she anticipated being able to pay off her loan in July. *See* [filing 9](filing 9). The Court assumes that didn't happen… but will expect Invictus to prove it to obtain a default judgment, assuming it moves for one.

5.  The Magistrate Judge's findings and recommendation (filing 11) are terminated as moot.

6.  Invictus' objection (filing 16) is overruled as moot.

Dated this 23rd day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge