IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INVICTUS RESIDENTIAL POOLER TRUST 1A,<br><br>Plaintiff,<br><br>vs.<br><br>CYNTHIA J. ZIEMBA, et al.,<br><br>Defendants. | 4:19-CV-3036<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motion for default judgment (filing 20) and correspondence from the defendants that the Court has filed as a motion for hearing (filing 21). The Court will grant the plaintiff's motion and deny the defendants'.

BACKGROUND

The procedural history of this case is muddled. The plaintiff initially filed suit against Cynthia Ziemba, Delroy Fischer, and an indeterminate number of unknown parties who might be in possession of the real property that is the subject of the suit. *See* filing 1. Ziemba filed a document captioned as an "answer." Filing 9. Shortly thereafter, the Magistrate Judge entered an order to show cause why the case should not be dismissed as to the remaining defendants for failure to prosecute, and when the plaintiff did not respond to her order, the Magistrate Judge entered her findings and recommendation that the case be dismissed as to those defendants. Filing 10; filing 11. Only then did the plaintiff turn up to object to the findings and recommendation, drop its claims against any unnamed defendants, and move for Ziemba's and Fischer's defaults. Filing 13; filing 14; filing 16.

The Court found that Fischer was clearly in default. Filing 17 at 3. Ziemba, however, was more of a problem—but the Court found that her "answer" wasn't an answer within the meaning of Fed. R. Civ. P. 7(a)(2), and entered her default despite her "appearance." Filing 17 at 3-4. But the Court noted that if either Ziemba or Fischer had a defense to the plaintiff's claim, they could oppose a subsequent motion for default judgment, or "appear in this case at any time and ask to have their defaults set aside." Filing 17 at 4.

The plaintiff did move for a default judgment. Filing 20. And the Court received a response from Ziemba and Fischer. Filing 21. The Court filed that document as a request for hearing—because it does ask for one—but it's not clear what that hearing would be about. *See* filing 21. Ziemba denied having received notice of the motion for default judgment, although she was apprised of it by the Clerk of the Court. Filing 21 at 1. Ziemba described trying to work with "FCI"[1] to sell the property and pay off the loan, although it was not clear when that had happened, and characterized FCI as rude and unprofessional. Filing 21 at 1. She asked for "a hearing so that this may be resolved." Fischer also described trying to work with FCI, and asked to "set up a hearing or at least to assist us with getting a payoff from FCI." Filing 21 at 2.

## DISCUSSION

When a default judgment is entered, the facts alleged in the plaintiff's complaint—except as to damages—may not be later contested. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged

---

[1] FCI was the original loan servicer. Filing 1-3 at 2. The original lender was Athas Capital Group, whose interest in the subject property was ultimately assigned to the plaintiff. *See* filing 1 at 3; filing 1-4 at 1; filing 1-5 at 1.

facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id*. It is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53.

Here, they do: the plaintiff has sufficiently alleged the execution of a promissory note and deed of trust, and default on the promissory note. *See* filing 1. And importantly, nothing the defendants have filed disputes those basic facts. *See* filing 17; filing 21. The greater obstacle to a default judgment is that the defendants haven't been entirely absent from the proceeding.

There is a judicial preference for adjudication on the merits, so default judgments are not favored by the law and should be a rare judicial act. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). When determining whether to enter a default judgment, the Court may consider factors such as the amount of money involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. *Id*. The Court may also consider how harsh an effect a default judgment might have, or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant. *Id*.

Here, the most important factor is that there does not appear to be any dispute about the underlying facts supporting the plaintiff's claim for relief. The Court assumes that the consequences of a judgment will be serious, but that does not change the fact that regardless of whether or not judgment is entered by default, the defendants do not appear to have a meritorious defense to the plaintiff's claim. Where a defendant appears and indicates a desire to contest an action, the Court may exercise its discretion to refuse to enter

default, in accordance with the policy of allowing cases to be tried on the merits. *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1039-40 (D. Minn. 2015). But while the defendants here have "appeared," at least in some sense, nothing they've asked for suggests a desire to *contest* the case.

Rather, what the defendants seem to be asking for an opportunity to negotiate a settlement. Perhaps that would be the plaintiff's best course, but it is not something the plaintiff is obliged to pursue, that the Court can enforce, or that constitutes a defense to the action. To the extent that a right to redemption is provided by the Court's decree or Nebraska law, *see* Neb. Rev. Stat. § 25-1530(1), the defendants may seek to pursue it.

IT IS ORDERED:

1. The plaintiff's motion for default judgment (filing 20) is granted.

2. The defendants' motion for hearing (filing 21) is denied.

3. A separate judgment and decree of foreclosure and order of sale will be entered.

Dated this 19th day of October, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge