IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

INVICTUS RESIDENTIAL POOLER
TRUST 1A,

           Plaintiff,

vs.

CYNTHIA J. ZIEMBA, et al.,

           Defendants.

4:19-CV-3036

ORDER

As set forth in the Court's previous disbursement order (filing 31), the foreclosure sale of the property at issue in this case left a surplus of $5,433.19. The plaintiff now seeks to claim the surplus. Filing 32. Its claim will be denied.

Ordinarily, the result of a foreclosure sale is that when the sale is confirmed, the proceeds are applied to the costs of the sale and satisfaction of the judgment, with any surplus going to the mortgagor. *See* Neb. Rev. Stat. § 25-2146; *Hatch v. Shold*, 87 N.W. 908, 908-09 (Neb. 1901). And as a general matter, "[t]he plaintiff at the time of confirmation has no right to demand of the proceeds of the sale of the mortgaged property more than a sum sufficient to pay the amount then due on the decree." *Hatch*, 87 N.W. at 909.

Here, the plaintiff's claim to the surplus is simply that, after the judgment was entered but before the property was sold and the sale confirmed, it apparently incurred more costs. But the plaintiff has not directed the Court to any authority permitting it to claim more in costs than it had claimed at the time the sale was confirmed. Nor has the plaintiff directed the Court to any authority allowing it to claim more from the sale of the property than it was due under the judgment. *See id.* And in the absence of such authority, the

plaintiff hasn't provided the Court with anything establishing that it has a legal entitlement to the sale surplus. Accordingly,

IT IS ORDERED that the plaintiff's claim (filing 32) is denied.

Dated this 23rd day of November, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge